UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE M. HERNAIZ-VARGAS,
also known as JOSELYNE HERNAIZ-VARGAS,

        Plaintiff,

        v.         Case No. 16-CV-641

THOMAS OTOBOH and
LONNIE BIDDLE,

        Defendants.

---

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (DOC. 28), DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DOC. 29), AND DISMISSING CASE EFFECTIVE MARCH 14, 2017, UNLESS PRIOR TO THAT DATE PLAINTIFF FILES A RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 22)

Plaintiff, Jose M. Hernaiz-Vargas, failed to respond to defendants' motion for judgment on the pleadings on or before January 31, 2017, as ordered by the court. Instead, plaintiff filed a letter asking the court to appoint counsel (Doc. 28), a three-page petition and affidavit seeking leave to proceed without prepayment of fees and/or costs along with a note asking that plaintiff's husband, an inmate at another state prison, receive plaintiff's files by mail so that he may assist in this case (Doc. 29).

Plaintiff's updated request that counsel be appointed still fails to show that plaintiff has attempted to secure counsel without assistance. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Additionally, at this stage, plaintiff's only task is to respond to defendants' motion for judgment on the pleadings which states that plaintiff failed to exhaust administrative remedies. Therefore, the court will give plaintiff one more

opportunity to respond to defendants' motion. Failure to do so by March 14, 2017, will result in the dismissal of this case with prejudice.

Next, plaintiff's motion for leave to proceed without prepayment of the filing fee appears to ask for relief from the obligation to pay the case filing fee. In support of this request, the motion states that plaintiff is a transgender inmate whose ongoing expenses for personal hygiene items are greater than those of male inmates. (Doc. No. 29 at 3). Notwithstanding such expenses, the monthly payments after the initial partial filing fee are required by statute, and the court cannot waive them. *See* 28 U.S.C. § 1915(b)(2).

Finally, while inmates may receive assistance from other inmates with their legal work, a litigant representing oneself must sign every pleading, written motion, or paper filed in the case. *See* Fed. R. Civ. P. 11(a). The court does not authorize one inmate to help another, and will not mail the "files" for this case to anyone other than plaintiff. Therefore,

IT IS ORDERED that plaintiff's motion for extension of time (Doc. 28) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed without prepayment of the filing fee (Doc. 29) is DENIED.

IT IS FURTHER ORDERED that this case will be DISMISSED WITH PREJUDICE, effective **March 14, 2017**, unless plaintiff files a response to defendants' motion for judgment on the pleadings prior to that date.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. DISTRICT JUDGE

2